** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID ODOM, | § | |
| | § | Civil Action Nos. 1:09-CV-367 |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| TROY CONSTRUCTION, L.L.C., | § | JUDGE RON CLARK |
| | § | |
| *Defendant*. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff David Odom filed suit against Defendant Troy Construction, L.L.C., claiming negligence in connection with injuries allegedly sustained by Mr. Odom after a 2007 trackhoe accident near Palestine, Texas. The court granted Troy Construction's Motion to Dismiss on January 19, 2010, on the grounds that Troy Construction was not served within the 120 days prescribed under Fed. R. Civ. P. 4(m), and Mr. Odom had not responded to the motion despite it being his burden to demonstrate either that service was proper or that good cause existed for his failure to timely serve. Doc. # 9. Mr. Odom now moves for reconsideration, on the grounds that good cause existed for his failure to serve within the 120 day period. Troy Construction has not responded. A party failing to respond to a motion is assumed not to oppose it. L.R. CV-7(d).

Taking into account Mr. Odom's efforts to obtain a waiver of service from Troy Construction, the fact that Mr. Odom's claims cannot be re-filed because they are now time barred, and the absence of a response from Troy Construction, the court will grant the motion for reconsideration and re-open this case.

1

# I. Applicable Law

A.  Motions for Reconsideration

Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l. Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989); *see also Nationalist Mov't v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. Apr. 1, 2009). It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made earlier or to re-urge matters that have already been advanced by a party. *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). A motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994).

B.  Late Service of Process

Fed. R. Civ. P. 4(m) requires that, where good cause for the failure to serve within 120 days exists, the court "must extend the time for service for an appropriate period." If good cause does not exist, "the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *see also Gartin v. Par Pharma. Cos., Inc.*, 289 Fed. App'x 688, 692 (5th Cir. 2008).

However, upon a showing of good cause for the failure of service, the court must extend the time for service. Good cause is more than inadvertence, ignorance of the rules, or mistake of counsel. *See System Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). A district court has "broad discretion" to dismiss an action for ineffective service of

process. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994), *cert. denied*, 513 U.S. 1016, 115 S. Ct. 577 (1994).

## II. Analysis

Mr. Odom argues that, even though the court dismissed the case without prejudice for failure to timely serve Troy Construction, it was the same as a dismissal with prejudice because the statute of limitations would prevent Mr. Odom from now re-filing his case.[1] *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008).

Because dismissal with prejudice is an "extreme sanction that deprives a litigant of the opportunity to pursue his claim," it is warranted only if there is a "clear record of delay or contumacious conduct by the plaintiff . . . and a lesser sanction would not better serve the interests of justice." *Id.* at 316 (internal quotations omitted). A dismissal with prejudice is appropriate where at least one of the following three aggravating factors exists: (1) delay caused by the Plaintiff himself, rather than his attorney; (2) actual prejudice to the Defendant; or (3) delay caused by intentional conduct. *Id.*

---

[1]Mr. Odom's claims sound in negligence, for which there is a two year statute of limitations. Tex. Civ. Prac. & Rem. Code 16.003(a); *KPMG Peat Marwick v. Harrison County. Housing Finance Corp.*, 988 S.W.2d 746, 750 (Tex. 1999). Mr. Odom's claims accrued upon his injury, which took place on May 19, 2007. He filed suit on May 7, 2009, less than two weeks before the limitations period ran. The statute of limitations can be tolled if: (1) the court dismissed or otherwise disposed of Mr. Odom's suit for lack of subject matter jurisdiction and (2) Mr. Odom then re-filed the same action in a different court of proper jurisdiction within sixty days after the dismissal became final, Tex. Civ. Prac. & Rem. Code § 16.064(a); *Allen v. Intercapital Lodge*, 66 S.W.3d 351, 353-54 (Tex. App.—Houston [14th Dist.] 2001, pet. denied)). However, this type of tolling is not applicable here, as the case was neither dismissed the case on subject matter jurisdiction grounds or re-filed in a different court within sixty days. Mr. Odom is therefore correct that he would be time-barred from re-filing his claims, even though the case was dismissed without prejudice.

Mr. Odom asserts—and Troy Construction, having failed to file a response, is assumed not to dispute—that he forwarded a copy of the suit and a request for waiver of service of summons to Troy Construction's registered agent, Don Knight, on May 13, 2009. When no response was received, Mr. Odom's counsel Steven Barkley sent a letter to Mr. Knight on August 24, 2009, notifying him of the lawsuit and the documents previously sent to him. The same day, Mr. Barkley forwarded copies of the suit and a request for waiver of service to Mr. Knight again, as well as to Troy Construction, LLC at its office address. Both were sent return receipt requested, and the return receipts show that both Notices were received on August 26, 2009.

Mr. Barkley's office was later notified by Troy Construction's insurance company, Liberty Mutual, that Troy Construction would not voluntarily appear and needed to be served. Mr. Barkley obtained a summons from the District Clerk's Office on December 22, 2009, faxed a copy to Liberty Mutual on December 23, and served Mr. Knight on December 28.

Mr. Odom suggests that his failure to timely serve Troy Construction is excused, as his counsel spent the time between filing and service attempting to obtain a waiver of service from Troy Construction's agent. While Mr. Odom's counsel could have been more proactive in obtaining either waiver of service or serving Troy Construction, the fact that his claim is now time barred makes dismissal a very severe penalty.

There is no indication that any of the three aggravating factors set out by the *Millan* court are present in this case. Mr. Odom did not himself cause the delay in service. Troy Construction has chosen not to respond to the motion, meaning that there is no evidence of actual prejudice before the court. Finally, there is no suggestion that the delay in service was caused by Mr. Odom's intentional conduct.

4

Therefore, taking into account the facts of this case, the absence of a response from Troy Construction, and the fact that Mr. Odom's claims are now time barred, the court will grant the motion for reconsideration. The dismissal is set aside and the case re-opened. The court will issue a new Order Governing Proceedings, re-setting the deadlines for the Rule 26(f) Attorney Conference and Rule 16 Management Conference.

IT IS THEREFORE ORDERED that Plaintiff David Odom's Motion for Reconsideration [Doc. # 10] is GRANTED. The case shall be re-opened immediately.

So **ORDERED** and **SIGNED** this **9** day of **February, 2010.**

_____
Ron Clark, United States District Judge