IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID ODOM | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:09-CV-367 |
| | § | |
| TROY CONSTRUCTION, LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, David Odom, Plaintiff, complaining of Troy Construction, LLC, Defendant, and for cause of action would respectfully show unto this Honorable Court the following:

I.

Plaintiff, David Odom, is a resident of Oakdale, Louisiana.

Defendant, Troy Construction, LLC, is a Texas corporation with its principal place of business located in Houston, Texas. At all times pertinent to this cause of action, it was doing business within the venue and jurisdiction of this Court. It may be served with process by serving its registered agent for service of process in Texas, Don Knight, 8900 Washington Avenue, #1000, Houston, Texas 77007.

II.

Jurisdiction and venue are proper in this Honorable Court. The accident made the basis of this lawsuit occurred near Palestine, Texas, which is located in the Eastern District of Texas. The amount in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.


EXHIBIT A

III.

This lawsuit arises out of an accident that occurred on or about May 19, 2007. Plaintiff, David Odom, was employed by Laney Directional Drilling. Laney Directional Drilling was doing directional drilling for a pipeline company.

IV.

Defendant, Troy Construction, LLC ("Troy") was constructing a pipeline. As part of their work, they laid a board road through the right-of-way for the pipeline. In so doing, Troy was required to take down and trim a number of trees either on or bordering the pipeline right-of-way. Troy broke a number of tree limbs located on the edge of the right-of-way. Many of these tree limbs remained adjacent to the right-of-way and posed an unreasonable risk of harm to anyone going down the board road.

V.

About 2:00 p.m. on Saturday, May 19, 2007, Plaintiff and other co-workers climbed onto a trackhoe to go down the right-of-way to do some work. Plaintiff and another employee climbed onto the side of the trackhoe.

Plaintiff was holding onto the handrail on the trackhoe. He was watching the boom on the trackhoe to make sure that the boom did not hit anything. While Plaintiff was holding on watching the boom, the trackhoe struck a hole where the board road sunk where some tree roots were. A broken limb from a tree next to the right-of-way fell and landed on top of Plaintiff's right hand. In logging parlance, the broken limb left hanging in the tree was a "widow maker".

VI.

Neither Plaintiff nor his co-workers saw or were they aware of the presence of the "widow maker" left in their tree by the activities of Defendant. Plaintiff would show that Defendant, Troy, was negligent in the way that it cleared the right-of-way, constructed the board road, failed to remove dangling limbs from trees adjacent to the right-of-way, and failed to make the right-of-way sufficiently wide enough to prevent accidents such as that involving Plaintiff.

Plaintiff would show that Troy was further negligent in failing to inspect its work after it completed the board road. Defendant, Troy, was further negligent in failing to make sure that it did not leave any "widow makers" as a result of its activities. Plaintiff would show that such negligent acts or omissions on the part of Defendant, Troy, its agents, servants, and employees, constituted negligence and were a proximate cause of Plaintiff's accident and resulting injuries.

VII.

Plaintiff would show as a result of his accident that he sustained severe and crippling injuries to his right hand. Plaintiff lost significant portions of the little finger and ring finger of his right hand. He had a generalized crush injury to his hand. After reaching maximum medical improvement, he was evaluated as having an 11% impairment to the body as a whole, in accordance with the provisions of the Texas Workers' Compensation Act. He was also found to have permanent restrictions that resulted in him being rated as having a light duty functional capacity.

VIII.

Plaintiff would show that at the time of his accident, he was 62 years old. As a result of Defendant's negligent acts and omissions, Plaintiff incurred past medical expenses and will incur significant medical expenses in the future. He has suffered a loss of earnings in the past and will

sustain a loss of earning capacity in the future. He has also incurred past and future pain, suffering, mental anguish and physical impairment. When measured in money, his damages are significant and equal the sum of Six Hundred Twenty-Five Thousand Dollars ($625,000.00) for which he brings suit.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final hearing hereof, that Plaintiff have judgment for his damages, for pre- and post-judgment interest, for costs of court and for such other and further relief to which he may be entitled. Plaintiff further prays for general relief.

Respectfully submitted,

**STEVEN C. BARKLEY**
Attorney at Law
3560 Delaware, Suite 305
Beaumont, Texas 77706
Phone:   (409) 899-2277
Fax:     (409) 899-2477

/S/ *Steven C. Barkley*
_____
**STEVEN C. BARKLEY**
STATE BAR NO. 01750500

ATTORNEY FOR PLAINTIFF,
DAVID ODOM

## JURY DEMAND

Plaintiff respectfully requests a trial by jury in this case.

/S/ *Steven C. Barkley*
_____
**STEVEN C. BARKLEY**

-4-